**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KAREEM MUHAMMAD,<br>Plaintiff<br><br>v.<br><br>COMMUNITY COACH, INC, *et al.*,<br>Defendants. | Civil Action No.: 16-8344 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendants Coach USA, Inc. ("Coach"), Community Coach, Inc. ("Community"), Jazmine Estacio, Stanley Fairconnetue, Newel Scoon, and Stagecoach Group, P.L.C.'s ("Stagecoach") (collectively referred to as "Coach Defendants") Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 5), and Defendants Erika A. Diehl-Gibbons, International Association of Sheet Metal, Air, Rail and Transportation Workers Smart-Transportation Division("International"), John Previsich, Smart/United Transportation Union Local 759 ("Local 759"), and Calvin Studivant's (collectively referred to as "Union Defendants") Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 10). Plaintiff has opposed both Motions (ECF Nos. 11, 12), which all Defendants have replied to (ECF Nos. 13, 16). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants both Motions to Dismiss.

I. **BACKGROUND**[1]

A. **The Parties**

Plaintiff is a former employee of Defendant Community. (*See* Plaintiff's Complaint, ECF No. 1 ("Compl.") ¶1). Defendant Community is a professional charter service company with a principal place of business in New Jersey, and is a subsidiary of Defendant Coach. (Compl. ¶¶ 2, 3). Additionally, Defendant Stagecoach is an international transport group that owns Defendant Coach. (Compl. ¶ 4). Defendant Scoon is a manager at Defendant Community. (Compl. ¶ 5). Defendant Fairconnetue is a hearing officer and assistant manager with Defendant Community and Defendant Jazmine Estacio is Defendant Community Coach's general counsel. (Compl. ¶¶ 6, 7).

Plaintiff has also sued his union Defendant Local 759, as well as Defendant International. (Compl. ¶¶ 8, 9). Defendant John Previsich is the President of Defendant International, and Defendant Studivant is the VP of the Bus Department of Defendant Smart/UTU Local 759. (Compl. ¶¶ 10, 11). Finally, Defendant Diehl-Gibbons is the Associate General Counsel of Defendant International. (Compl. 12).

B. **Pertinent Facts**

Plaintiff was employed by Defendant Community for 18 years and has 25 years of bus driver experience. (Compl. ¶ 13). On July 18, 2015, Plaintiff was driving a bus through Maryland from North Carolina and heading to New Jersey. (Compl. ¶ 14). He was pulled over for failing to stop at a weigh station, and was cited for that as well as driving while fatigued. (Id.). The fatigue summons was dismissed and the weigh station violation resulted in a fine. (Id.). Plaintiff

---

[1] This background is derived from Plaintiff's Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

2

presented the summonses to his employer, as was required by the "Part I Atttachment, Section 11, Article 1 of the Collective Bargaining Agreement" ("CBA"). (Compl. ¶ 15).

On August 13, 2015, Plaintiff appeared for a disciplinary hearing, which both Defendants Studivant and Fairconnetue attended. (Compl. ¶ 16). The purpose of the hearing was to determine the ultimate discipline Plaintiff should receive for his traffic violations, with termination a possibility. (Id.). It was determined the appropriate discipline was for Plaintiff to complete one hour of computer based training. (Compl. ¶ 17). Union Defendants objected to the discipline claiming that Coach Defendants did not comply with Article 24 of the CBA. (Compl. ¶ 18).

On August 18, 2015, Coach Defendants and Union Defendants engaged in a conversation regarding whether Plaintiff would be required to perform the training. (Compl ¶ 19). Union Defendants took the position that the Coach Defendants filed to meet the time limits for such a hearing under the CBA. (Id.). Thereafter, Plaintiff was terminated by way of am "Hearing Decision Letter" on August 20, 2015. (Compl. ¶ 20).

Plaintiff appealed the termination, through Union Defendants, on August 21, 2015. (Compl. ¶ 23). The appeal was heard by Defendant Estacio on September 3, 2015. (Id.). Plaintiff asserts that the citations were minor infractions and the fatigue was based on his own statement to the police officers, but not based on any of their own observations. (Compl. ¶¶ 25-27).

On September 13, 2015, Defendant Community provided Defendants Scoon and Studivant with a letter of reinstatement. (Compl. ¶ 28). The letter also converted Plaintiff's termination to suspension and a final warning. (Compl. ¶ 29). It further noted that Plaintiff would receive back pay if the pending motor vehicle charges against him were dismissed and also required him to complete the computer training. (Compl. ¶ 30). In exchange, Plaintiff had to agree that if he

violated any company policies for one year he would be immediately terminated. (Compl. ¶ 31). The agreement was never signed because the Union Defendants and Plaintiff felt that this was a violation of his due process rights. (Compl. ¶ 32).

Plaintiff, through Union Defendants, requested that this issue be arbitrated pursuant to the CBA. (Compl. ¶ 34). Prior to arbitration, Plaintiff requested that Union Defendants provide him with an attorney experienced in union grievances. (Compl. ¶ 35). Defendant Studivant told Plaintiff "he 'didn't think it was a big deal,'" and he would personally handle the matter. (Compl. ¶ 35). The matter proceeded to arbitration on November 17, 2015. (Compl. ¶ 36). Plaintiff was not represented by counsel; only by Defendant Studivant. (Id.). Plaintiff claims Defendant Studivant failed to properly represent him. (Compl. ¶ 37). On January 11, 2016, Plaintiff received the arbitration opinion which found that he was discharged for just cause and denied his grievance. (Id.).

Thereafter, Defendant Studivant advised Plaintiff that Union Defendants had already filed an appeal of the arbitration award to the New Jersey Superior Court - Appellate Division. (Compl. ¶ 38). When Plaintiff requested a copy of the appeal, he was advised that Union Defendants' Cleveland office was supposed to file it, but never did. (Compl. ¶ 39). Defendant Studivant then told Plaintiff he would have to handle the appeal *pro se* if he wanted to pursue it. (Compl. ¶ 40). Union Defendants provided Plaintiff with a letter dated March 3, 2016 which was in response to Defendant Studivant's request to Union Defendants to review Plaintiff's case to see if there was a basis to set the arbitration award aside. (Compl. ¶ 41). As of the date of said letter, the appeal would have had to already been filed to be timely. (Id.).

Plaintiff then wrote to Defendant Previsich regarding Union Defendants' assistance in

appealing the award. (Compl. ¶ 42). Thereafter, Union Defendants then gave Plaintiff $250 to cover the cost of the appeal. (Compl. ¶ 43). On March 30, 2016, Plaintiff attempted to file an appeal, but it was rejected as untimely. (Compl. ¶ 44). Thereafter, Plaintiff was advised that Union Defendants could no longer provide any further assistance. (Compl. ¶ 46).

Accordingly, Plaintiff instituted this action on August 2, 2016 in the Superior Court of New Jersey, Law Division, Union County. (*See* ECF No. 1). Defendants removed the matter to this Court on November 4, 2016. (Id.). Both sets of Defendants have moved to dismiss the Complaint as untimely under the Labor Management Relations Act ("LMRA"), among other reasons. The Court grants both motions for the reasons set forth below.

## II.    LEGAL STANDARD

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded

5

factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

Generally, a "[statute of] limitations defense must be raised in the answer, since Rule 12(b) does not permit it to be raised by motion." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). "However, the law of this Circuit (the so-called "Third Circuit Rule") permits a limitations defense to be raised by a motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Id.* Thus, Defendants may only prevail on the statute of limitations at the motion to dismiss stage if it is apparent from the face of the complaint that the cause of action is barred. *Robinson*, 313 F.3d at 135 (citation omitted). "If the allegations, taken as true, show that relief is barred by the applicable statute of limitations, a complaint is subject to dismissal for failure to state a claim." *Cain v. Dep't of Pub. Welfare*, 442 Fed. Appx. 638 (3d Cir. 2011) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1987)).

### III. ANALYSIS

Plaintiff's Complaint contains nine causes of action: Count I – Union Bad Faith Toward Member; Count II – Employer's Bad Faith Against Employee; Count III – Employer Breach of Employee Manual; Count IV – Wrongful Termination in Violation of Company Policy; Count V – Wrongful Discharge in Violation of Public Policy Doctrine; Count VI – Employer Retaliation

Against Employee; Count VII – Fraud and Misrepresentation; and Count VIII – Intentional Infliction of Emotional Distress.

### A. Time Barred Claims as to All Defendants

The Court finds that Counts II, III, IV, V, VI, and VIII are untimely. Petitions to confirm, modify, or vacate labor arbitration awards come within the purview of the Labor Management Relations Act ("LMRA"). *See Local 966, International Brotherhood of Teamsters v. JCB, Inc. d/b/a Ryb Inc.*, 2013 WL 1845607, *5 (D.N.J. Apr. 30, 2013). Section 301 of the LMRA authorizes union members to bring suit in their individual capacities against labor unions for violations of collective-bargaining agreements, union constitutions, and other forms of contracts. 29 U.S.C. § 185(a). *See also Wooddell v. Int'l Broth. of Elec. Workers, Local 71*, 502 U.S. 93 (1991) (explaining that "union constitutions are an important form of contract between labor organizations . . . [and that union members] may bring suit on these contracts under § 301"). Furthermore, "the policy of forestalling judicial interference with internal union affairs . . . has been strictly limited to disputes arising over internal union matters such as those involving the interpretation and application of a union constitution." *Clayton v. Int'l Union, United Auto Workers*, 451 U.S. 679, 687-88 (1981). Thus, an aggrieved plaintiff is encouraged to exhaust internal union remedies prior to filing suit for challenging contractual violations. *See Orlando v. Interstate Container Corp.*, 100 F.3d 296, 299 (3d Cir. 1996) (explaining that "before resorting to a section 301 suit, an employee 'must attempt to exhaust any exclusive grievance and arbitration procedures established by . . . [a contractual] agreement'") (internal citation omitted).

However, once a plaintiff has exhausted the available administrative remedies, he or she must file a timely complaint otherwise the action will be barred. "Because section 301 contains

7

no limitations period, the most analogous state statute of limitations [is] adopted as federal law." *Local 966*, *supra* at *5 (citing *Office of Prof'l Emp. Int'l Union, Local No. 471 v. Brownsville Gen. Hosp.*, 186 F.3d 326, 336 (3d Cir. 1999)). This District has previously held that N.J.S.A. 2A:24-7 provides the applicable statute of limitations to affirm, vacate or modify an arbitration award pursuant to a CBA. *See Cicchetti v. United Parcel Service, Inc.*, 1990 WL 27347, *4 (D.N.J. Mar. 13, 1990); *Robert Walsh v. Boss Linco Lines, Inc.*, 537 F. Supp. 363, 363-64 (D.N.J. 1981). New Jersey law provides that "[a] party to the arbitration may, within 3 months after the award is delivered to him … commence a summary action in court aforesaid for the confirmation of the award or its vacation, modification or correction. N.J.S.A. 2A:24-7. New Jersey's Appellate Division has held that "failure to move to vacate the award in a timely manner results in the loss of the right to institute a summary vacation action." *Martindale v. Sandvik, Inc.*, 2006 WL 1450586, *5 (N.J. Super. App. Div. May 26, 2006) (citing *City of Atl. City v. Laezza*, 80 N.J. 255, 268 n.2 (N.J. Sup. Ct. 1979)).

Each of the claims asserted in Plaintiff's Counts II, III, IV, V, VI and VIII are barred as untimely pursuant to Section 301. This is because each and every one of those counts seeks to re-litigate the issued determined by the arbitrator at arbitration and effectively vacate the arbitration award. Count II against the Coach Defendants is for "Employer's Bad Faith Against Employee." There, Plaintiff alleges that Coach Defendants inappropriately disciplined him to computer based training, terminated him, and made premature conclusions at the New Jersey State Board of Mediation Arbitration Hearing since the motor vehicle citations had not been disposed of at the time said conclusions were made. Comp. ¶¶ 61-62. These allegations deal strictly with Coach Defendants actions in disciplining Plaintiff and their conduct during the aforementioned hearing.

8

All of the alleged malfeasance in this Count stems from Coach Defendants' supposed violations of the CBA. Accordingly, the LMRA and Section 301 is applicable.

Count III is for Employer Breach of the Employee Manual. In that Count, Plaintiff's substantive allegations claim that Coach Defendants failed to "comply with the rules, requirements and limitations as set forth by the Collective Bargaining Agreement between Union Defendants and Coach Defendants causing a violation of said Agreement." Compl. ¶ 66. Count IV is for "Wrongful Discharge in Violation of Company Policy" and alleges "Coach Defendants violated company policy concerning terms and conditions of employment when they terminated Plaintiff's employment." Compl. ¶ 70. Count V is for "Wrongful Discharge in Violation of Public Policy Doctrine" and alleges "Coach Defendants breached an implied provision that an employer will not discharge an employee for performing an act which (*sic*) encouraged a matter of public policy." Compl. ¶ 75. Count VI is for "Employer Retaliation Against Employee" where Plaintiff claims "Coach Defendants breached an implied provision that an employer will not discharge an employee based upon retaliatory action for speaking out against his employer's activities, policies or practices." Compl. ¶ 81. Finally, Count VIII is for "Intentional Infliction of Emotional Distress" and claims that "Coach Defendants and Union Defendants" acted deliberately and intentionally causing Plaintiff to suffer emotional distress and "loss of Plaintiff's employment and hard earned monies." Compl. ¶¶ 96, 98.

The above causes of action are all time barred. This is because each and every cause of action discussed stems from the outcome of the arbitration process and Plaintiff's ultimate termination. Additionally, Plaintiff's employment was subject to the CBA. Since these causes of action stem from an arbitration and a CBA controls the relationship between the parties the LMRA

is applicable. Under Section 301 of the LMRA, in conjunction with New Jersey law, the statute of limitations to file a legal action to vacate or modify an arbitration award is 3 months. Plaintiff became aware of the adverse arbitration aware on January 11, 2016. Compl. ¶ 37. Additionally, Plaintiff admits that the latest he became aware of the arbitration award was March 3, 2016, the date when Plaintiff received the letter from Union Defendants. Compl. ¶ 41. Accordingly, the latest possible date Plaintiff could have brought this action was June 3, 2016. However, Plaintiff filed his complaint on August 2, 2016. Hence, Counts II – VI and VII are untimely and are hereby dismissed with prejudice as to all Defendants.

### B. Breach of the Duty of Fair Representation as to Union Defendants

The Court finds that Plaintiff has failed to plead a *prima facie* cause of action for breach of the duty of fair representation against Union Defendants. "Because a union is authorized to act as the exclusive bargaining agent for its members, it has a duty to provide fair representation in the negotiation, administration, and enforcement of the [CBA]." *Findley v. Jones Motor Freight*, 639 F.2d 953, 957 (3d Cir. 1981). A union does not breach this duty simply by refusing to arbitrate a claim, even if that claim was meritorious. *Id.* at 958 (citing *Vaca v. Sipes*, 386 U.S. 171, 192-93, 87 S. Ct. 903, 17 L. Ed. 2d 842 (1967)). Likewise, "proof that the union may have acted negligently or exercised poor judgment is not enough to support a claim of unfair representation." *Bazarte v. United Transp. Union*, 429 F.2d 868, 872 (3d Cir. 1970). Rather, "[p]roof of arbitrary or bad faith union conduct in deciding not to proceed with the grievance is necessary to establish" such a breach. *Id.* (citing *Vaca*, 386 U.S. at 194-95). To survive a motion to dismiss "a [duty of fair representation] claim must allege arbitrary, discriminatory, or bad faith conduct, and those conclusions must be supported by plausible allegations of fact." *Vega c. Teamsters Local Union*

10

*No. 102*, 2014 WL 3894272 (citing *Masy v. New Jersey Trans. Rail. Op., Inc.*, 709 F.2d 322, 328 (3d. Cir. 1986).

Here, Plaintiff's Complaint fails to meet the above standard. Plaintiff's Complaint states Union Defendants "breached their relevant duty of care by [their] arbitrary, discriminatory, and bad faith conduct" by allowing Defendant Studivant represent him at the arbitration. Compl. ¶¶ 51-52. Plaintiff further alleges that Union Defendants breached this duty because Defendant Studivant requested that a non-party, who was not previously involved in the disciplinary proceedings, handle the appeals process. Compl. ¶¶ 52-53. Lastly, Plaintiff asserts that the duty was breached because Defendant "Studivant failed to present critical facts to the arbitrator and present a competent, adequate, skillful argument and defense," and that Union Defendants "negligent[ly] handl[ed]" Plaintiff's arbitration and appeal. Compl. ¶¶ 88-92.

These allegations are insufficient to withstand a motion to dismiss. Plaintiff does not support his assertion that Union Defendants' conduct was "arbitrary, discriminatory and [in] bad faith" with any "plausible allegations of fact." Rather, the allegations supporting Count I are simply generalizations and legal conclusions. Indeed, when viewing the Complaint in a light most favorable to Plaintiff Count I sounds in negligence. Yet, as noted above, negligence does not give rise to a claim for breach of the duty of fair representation. Therefore, the Court grants Union Defendants' Motion to Dismiss Plaintiff's Count I without prejudice, as to allow Plaintiff an opportunity to amend his deficient pleading.

### C. Fraud and Misrepresentation Against Union Defendants

Count VII of Plaintiff's Complaint asserts a cause of action for fraud and misrepresentation against Union Defendants. The Court finds Plaintiff has failed to meet the pleading standard to

sustain a claim for fraud and misrepresentation. Claims sounding in fraud must be pled under the heightened standards of Federal Rule of Civil Procedure 9(b). *Byrnes v. DeBolt Transfer, Inc.*, 741 F.2d 620, 626 (3d Cir. 1984). The Third Circuit has set forth the following requirements for pleading fraud:

> In order to satisfy Rule 9(b), plaintiffs must plead with particularity "the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir.1984). Plaintiffs may satisfy this requirement by pleading the "date, place or time" of the fraud, or through "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Id.*

*Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004). With this in mind, the Court turns to New Jersey law. In order to plead a fraud based claim in New Jersey, a plaintiff must allege: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) a reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (N.J. Sup. Ct. 1997).

Here, the Court finds that Plaintiff has not met the heightened pleading standard for fraud based claims. While Plaintiff asserts various conduct by the Union Defendants was fraudulent he does not include any specific allegations regarding the supposed fraud. Nowhere within the Complaint does Plaintiff outline any specific material misrepresentations by Union Defendants. Plaintiff's assertion that Defendant Studivant mistakenly told Plaintiff that Union Defendants' Cleveland Office is insufficient to rise to the level of fraud. Since Union Defendants were mistaken, they did not have the requisite knowledge that their statements to Plaintiff were false.

Rather, Union Defendants made representations to Plaintiff they thought to be true. Accordingly, Plaintiff's claim for fraud and misrepresentation is inadequate and is hereby dismissed without prejudice, as to allow Plaintiff an opportunity to amend his deficient pleading.

## CONCLUSION

For the aforementioned reasons, both Union Defendants and Coach Defendants' Motions to Dismiss are hereby granted. Counts II – VI and Count VIII are dismissed with prejudice as time barred with respect to all Defendants. Counts I and VII are against Union Defendants only, and are hereby dismissed without prejudice.

DATED: January 30, 2017

JOSE L. LINARES
UNITED STATES DISTRICT JUDGE