# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KALEEM MUHAMMAD, | Civil Action No.: 16-8344 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| SMART/UNITED TRANSPORTATION UNION LOCAL 759, *et al.*, | |
| Defendants. | |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendants Erika A. Diehl-Gibbons, International Association of Sheet Metal, Air, Rail and Transportation Workers Smart-Transportation Division ("International"), John Previsich, Smart/United Transportation Union Local 759 ("Local 759"), and Calvin Studivant's (collectively referred to as "Union Defendants") Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 26). Plaintiff has submitted Opposition to said Motion (ECF No. 29), to which Defendants have replied. (ECF No. 30). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court grants the Motion to Dismiss.

# I. BACKGROUND[1]

## A. The Parties

Plaintiff has filed suit against his union, Defendant Local 759, as well as Defendant International. (Plaintiff's Amended Complaint, ECF No. 24 ("Amend. Compl.") ¶¶ 8-9). Defendant John Previsich is the President of Defendant International, and Defendant Studivant is the Vice President of the Bus Department of Defendant Local 759. (Amend. Compl. ¶¶ 10, 11). Finally, Defendant Diehl-Gibbons is the Associate General Counsel of Defendant International. (Amend. Compl. ¶ 12).

## B. Pertinent Facts

Plaintiff was employed by Community Coach, Inc. ("Community") for 18 years and has 25 years of bus driver experience. (Amend. Compl. ¶ 13). On July 18, 2015, Plaintiff was driving a bus from North Carolina to New Jersey. (Amend. Compl. ¶ 14). While driving through Maryland, he was pulled over for failing to stop at a weigh station. (Id.). Plaintiff was cited for that violation as well as driving while fatigued. (Id.). The summons for driving while fatigued was dismissed, and the weigh station violation resulted in a fine. (Id.). Plaintiff presented the summonses to his employer, as was required by "Part I Attachment, Section 11, Article 1 of the Collective Bargaining Agreement" ("CBA"). (Amend. Compl. ¶ 15).

On August 13, 2015, Plaintiff appeared for a disciplinary hearing, which both Defendant Studivant and Stanley Fairconnetue, who is a hearing officer and assistant manager with Community, attended. (Amend. Compl. ¶ 16). The purpose of the hearing was to determine the ultimate discipline Plaintiff should receive for his traffic violations, with termination possible. (Id.). Stanley Fairconnetue determined that the appropriate discipline for Plaintiff was to complete

---

[1] This background is derived from Plaintiff's Amended Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

one hour of computer based training. (Amend. Compl. ¶ 17). Union Defendants objected to the discipline claiming that Community did not comply with Article 24 of the CBA. (Amend. Compl. ¶ 18). On or about August 18, 2015, Community manager Newel Scoon and Defendant Studivant engaged in a conversation regarding whether Plaintiff would be required to perform the training. (Amend. Compl ¶ 19). Union Defendants took the position that Coach failed to meet the time limits for such a hearing under the CBA. (Id.). Plaintiff alleges that Union Defendants never consulted with Plaintiff in regard to the discipline decision. (Amend Compl. ¶¶ 51).

Thereafter, Plaintiff was terminated by way of a "Hearing Decision Letter" on August 20, 2015, which was five business days after the completion of the hearing. (Amend. Compl. ¶¶ 20-21). Plaintiff contends that the CBA required Coach to render a written decision within two business days after the completion date of the hearing. (Amend. Compl. ¶ 21). Plaintiff appealed the termination, through Union Defendants, on August 21, 2015. (Amend. Compl. ¶ 23). On September 3, 2015, Community's General Counsel Jazmine Estacio heard the appeal. (Amend. Compl. ¶ 24). Plaintiff claims that the citations were minor infractions, and the citation for driving while fatigued was based on his own statement to the police officers and not any observations of the police. (Amend. Compl. ¶¶ 25-27).

On September 13, 2015, Community provided Newel Scoon and Defendant Studivant with a letter of reinstatement, which converted Plaintiff's termination to a suspension and final warning. (Amend. Compl. ¶ 29). It further noted that Plaintiff would receive back pay if the pending motor vehicle charges against him were dismissed, and also required him to complete the aforementioned computer training. (Amend. Compl. ¶ 30). In exchange, Plaintiff had to agree that if he violated any company policies for one year he would be immediately terminated. (Amend. Compl. ¶ 31).

Union Defendants and Plaintiff felt that the agreement was a violation of Plaintiff's due process rights and, accordingly, never signed it. (Amend. Compl. ¶ 32).

Plaintiff, through Union Defendants, requested that this issue be arbitrated. (Amend. Compl. ¶ 34). Prior to arbitration, Plaintiff requested that Union Defendants provide him with an attorney experienced in union grievances. (Amend. Compl. ¶ 35). Defendant Studivant told Plaintiff "that he 'didn't think it was a big deal' and he 'would handle it himself.'" (Id.). The matter proceeded to arbitration on November 17, 2015, where Defendant Studivant, rather than counsel, represented Plaintiff. (Amend. Compl. ¶ 36). Plaintiff claims Defendant Studivant failed to properly represent him. (Amend. Compl. ¶ 37). On January 11, 2016, Plaintiff received the arbitration opinion which found that he was discharged for just cause and denied his grievance. (Id.).

Thereafter, Defendant Studivant advised Plaintiff that he had already filed an appeal of the arbitration award to the New Jersey Superior Court, Appellate Division. (Amend. Compl. ¶ 38). When Plaintiff requested a copy of the appeal, Defendant Studivant advised Plaintiff that the Cleveland office of the Union Defendants was supposed to file it but never did. (Amend. Compl. ¶ 39). Defendant Studivant then told Plaintiff he would have to handle the appeal *pro se* if he wanted to pursue same. (Amend. Compl. ¶ 40).

Union Defendants provided Plaintiff with a letter dated March 3, 2016 in response to Defendant Studivant's request to Union Defendants to review Plaintiff's case to see if there was a basis to set the arbitration award aside. (Amend. Compl. ¶ 41). Plaintiff then wrote to Defendant Previsich regarding Union Defendants' assistance in appealing the award. (Amend. Compl. ¶ 42). Thereafter, Union Defendants gave Plaintiff $250.00 to cover the cost of the appeal. (Amend. Compl. ¶ 43). On March 30, 2016, Plaintiff attempted to file an appeal, but it was rejected as

untimely. (Amend. Compl. ¶ 44). Thereafter, Defendant Previsich advised Plaintiff that Union Defendants would no longer provide assistance. (Amend. Compl. ¶ 45).

**C. Procedural History**

On August 2, 2016, Plaintiff instituted this action in the Superior Court of New Jersey, Law Division, Union County. (ECF No. 1). Plaintiff's original complaint was against Union Defendants, Coach, Community, Estacio, Fairconnetue, Scoon, and Stagecoach Group, P.L.C. (Id.). Additionally, Plaintiff's original Complaint contained eight causes of action: Union Bad Faith Toward Member[2] (Count I); Employer's Bad Faith Against Employee (Count II); Employer Breach of Employee Manual (Count III); Wrongful Termination in Violation of Company Policy (Count IV); Wrongful Discharge in Violation of Public Policy Doctrine (Count V); Employer Retaliation Against Employee (Count VI); Fraud and Misrepresentation (Count VII); and Intentional Infliction of Emotional Distress (Count VIII). (Plaintiff's Complaint, ECF No. 1 ¶¶ 47-100).

On November 3, 2016, Defendants removed the matter to this Court. (ECF No. 1-1). Thereafter, both sets of Defendants submitted Motions to Dismiss (ECF Nos. 5, 10), and this Court granted both (ECF No. 17). Specifically, this Court dismissed Counts II-VI and Count VIII with prejudice with respect to all Defendants as time barred. (Id. at 13). This Court also dismissed Counts I and VII, which were only against Union Defendants, without prejudice for failure to state a claim upon which relief can be granted. (Id.). As for Count I, Plaintiff failed to properly plead plausible factual allegations that Union Defendants' conduct was arbitrary, discriminatory, or in bad faith as required to constitute a claim for breach of the duty of fair representation. (Id. at 11).

---

[2] The Court construed this claim to be one for the Breach of the Duty of Fair Representation. (ECF No. 17).

Finally, as for Count VII, Plaintiff failed to meet the heightened pleading standard that the Federal Rule of Civil Procedure 9(b) requires for claims sounding in fraud. (Id. at 12).

Plaintiff then filed an Amended Complaint alleging, again, Counts I and VII and added a third count for negligence. (ECF No. 19 ¶¶ 47-85). On April 28, 2017, the parties had an in person conference before the Honorable Joseph A. Dickson, U.S.M.J., to discuss the Amended Complaint. (ECF No. 22). There, "Coach Defendants argued that Plaintiff's claims for negligence are substantially deficient as the claims are barred by the exclusivity provision of the Workers Compensation Act[.]" (ECF No. 23 at 3). Judge Dickson permitted Plaintiff to file another Amended Complaint (id.), which Plaintiff filed (Amend. Compl.). In the operative Amended Complaint, Plaintiff alleges two causes of action: Union Bad Faith Toward Member (Count I);[3] and Fraud and Misrepresentation (Count II). (Amend. Compl. ¶¶ 47-76).

## II. **LEGAL STANDARD**

To withstand a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the court must take three steps: first, the court must take note of the elements a plaintiff must plead

---

[3] The Court again construes this claim to be for the Breach of the Duty of Fair Representation.

to state a claim; second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III. ANALYSIS

#### A. Breach of the Duty of Fair Representation

A union's breach of the duty of fair representation is a hybrid two-part claim: an employer's breach of the CBA and a union's breach of its duty of fair representation. *See DelCostello v. Flowers*, 462 U.S. 151, 164 (1983). Therefore, when alleging breach of the duty of fair representation against a union, a plaintiff must plead "that the employer's action violated the terms of the [CBA] and that the union breached its duty of fair representation." *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990). A plaintiff may choose to sue the union or the employer, "but the case he must prove is the same whether he sues one, the other, or both." *DelCostello*, 462 U.S. at 165.

"Because a union is authorized to act as the exclusive bargaining agent for its members, it has a duty to provide fair representation in the negotiation, administration, and enforcement of the [CBA]." *Findley v. Jones Motor Freight*, 639 F.2d 953, 957 (3d Cir. 1981). A union does not breach this duty simply by refusing to arbitrate a claim, even if that claim was meritorious. *Id.* at 958 (citing *Vaca v. Sipes*, 386 U.S. 171, 192-93 (1967)). Likewise, "proof that the union may have

acted negligently or exercised poor judgment is not enough to support a claim of unfair representation." *Bazarte v. United Transp. Union*, 429 F.2d 868, 872 (3d Cir. 1970). Rather, "[p]roof of arbitrary or bad faith union conduct in deciding not to proceed with the grievance is necessary to establish" such a breach. *Findley*, 639 F.2d at 957 (citing *Vaca*, 386 U.S. at 194-95). To survive a motion to dismiss "a [duty of fair representation] claim must allege arbitrary, discriminatory or bad faith conduct, and those conclusions must be supported by plausible allegations of fact." *Vega v. Teamsters Local Union No. 102*, 2014 WL 3894272 (citing *Masy v. N.J. Transit. Rail. Op., Inc.*, 709 F.2d 322, 328 (3d Cir. 1986)).

The Court finds that Plaintiff has failed to plead a *prima facie* cause of action for breach of the duty of fair representation against Union Defendants. Plaintiff's Amended Complaint fails to adequately connect Union Defendants' duty of fair representation with Community's breach of the CBA. Plaintiff alleges that Union Defendants' breached the duty of fair representation and caused his termination in two ways. First, Union Defendants conduct was arbitrary when they allegedly failed to consult Plaintiff before rejecting the original discipline decision of one hour of computer based training. (Amend. Compl. ¶¶ 51-53). Plaintiff alleges that this was arbitrary because Plaintiff would have accepted the original discipline decision, and Union Defendants acted without regard for the consequences of not consulting Plaintiff. (Id.). Second, Union Defendants acted in bad faith when they dismissed Plaintiff's request for representation by an attorney. (Amend. Compl. ¶¶ 54-56). Plaintiff further claims that this was in bad faith because Union Defendants knew that Defendant Studivant was not a lawyer and rather should have been a witness. (Id.). Finally, Plaintiff alleges only one breach of the CBA; that being the fact that Community issued a written decision five business days after the completion of the discipline hearing when the CBA requires such to be rendered within two business. (Amend. Compl. ¶ 21).

8

However, Plaintiff fails to connect such a breach of the CBA with Union Defendants' breach of the duty of fair representation. *See Deboles v. Trans. World Airlines*, 552 F.2d 1005, 1018-19 (3d Cir. 1977) (holding that a nexus between the alleged breach and the asserted harm must be presented for a claim of breach of the duty of fair representation to be viable). Plaintiff makes no factual assertion that Union Defendants breached the duty of fair representation by failing to appeal Community rendering a written decision late, in violation of the CBA. Plaintiff must plead both that Union Defendants breached the duty of fair representation and that Community breached the terms of the CBA, and there must be nexus between the two.

Plaintiff argues that a plaintiff needs to plead both a union's breach of the duty of fair representation and an employer's breach of the CBA only when suing an employer. (ECF No. 29 at 10). That reasoning is a non-sequitur and is inconsistent with the relevant law that governs this action. Indeed, a plaintiff may choose to sue his union or employer, "but the case he must prove is the same whether he sues one, the other, or both." *DelCostello*, 462 U.S. at 165. Plaintiff moreover argues that Union Defendants' failure to consult Plaintiff before rejecting the original discipline decision does not require a reading of the CBA, and therefore, Plaintiff does not have to plead breach of the CBA. (ECF No. 29 at 12). Thus, Plaintiff essentially concedes that he has not properly pled breach of the CBA, which Plaintiff must. *See DelCostello*, 462 U.S. at 164.

As such, Plaintiff fails to state a claim upon which relief can be granted. Therefore, the Court grants Union Defendants' Motion to Dismiss Plaintiff's Count I without prejudice, as to allow Plaintiff another opportunity to amend his deficient pleading.

**B. Fraud and Misrepresentation**

Claims sounding in fraud must be pled under the heightened standards of Federal Rule of Civil Procedure 9(b). *Byrnes v. DeBolt Transfer, Inc.*, 741 F.2d 620, 626 (3d Cir. 1984). The Third Circuit has set forth the following requirements for pleading fraud:

> In order to satisfy Rule 9(b), plaintiffs must plead with particularity "the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984). Plaintiffs may satisfy this requirement by pleading the "date, place or time" of the fraud, or through "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Id.*

*Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004). With this in mind, the Court turns to New Jersey law. In order to plead a fraud based claim in New Jersey, a plaintiff must allege: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) a reasonable reliance thereon by the other person; and (5) resulting damages." *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (N.J. Sup. Ct. 1997).

The Court finds that Plaintiff has not met the heightened pleading standard for fraud based claims. Plaintiff alleges that Union Defendants committed fraud in two ways: 1) convincing Plaintiff that they were providing appropriate legal services; and 2) informing Plaintiff that they filed an arbitration appeal. (Amend. Compl. ¶¶ 64, 69).

Specifically, Plaintiff alleges that Union Defendants knew that Defendant Studivant could not properly handle the arbitration proceeding, but told Plaintiff otherwise. (Amend. Compl. ¶ 66). Plaintiff backs this assertion with an allegation that Union Defendants often employ attorneys for arbitration proceedings and therefore knew that Defendant Studivant could not handle such matters. (Amend. Compl. ¶ 67). Plaintiff further asserts that this misrepresentation was material because Defendant Studivant "failed to present critical facts" at the arbitration proceeding.

(Amend. Compl. ¶ 68). However, Plaintiff fails to plead reasonable reliance on said statements, Union Defendants' intent for Plaintiff to rely on same, or subsequent damages. As such, Plaintiff's claim for this alleged fraudulent misrepresentation fails to plead all the necessary elements and is thereby deficient.

In addition, Plaintiff alleges that Defendant Studivant misrepresented to Plaintiff that Union Defendants had filed an appeal. (Amend. Compl. ¶ 69). Plaintiff also alleges that Union Defendants knew that they had not filed an appeal. (Amend Compl. ¶ 70). In essence, while Plaintiff pleads the elements for fraudulent misrepresentation for this representation, Plaintiff fails to plead the elements against any single defendant. Plaintiff must plead that whoever informed him that Union Defendants filed an appeal knew that Union Defendants had not filed the appeal. Although Defendant Studivant is a member in the class of Union Defendants, Plaintiff's complaint is not particularized enough to pass muster under the heightened pleading standard for fraud based claims under Federal Rule of Civil Procedure 9(b). Accordingly, Plaintiff's claim for fraud and misrepresentation is inadequate and is hereby dismissed without prejudice, as to allow Plaintiff another opportunity to amend his deficient pleading.

## CONCLUSION

For the aforementioned reasons, Union Defendants' Motion to Dismiss is granted. An appropriate Order accompanies this Opinion.

DATED: July 27th, 2017

JOSE L. LINARES
Chief Judge, United States District Court